Robert Chambers, Plaintiff-Appellant, v. General Electric Company, a Corporation, Defendant, and Abell-Howe Company, a Corporation, Defendant-Appellee.

Gen. No. 50,318.

First District, First Division.

May 9, 1966.

James A. Dooley, of Chicago, for appellant.

Vogel & Vogel, of Chicago (David F. Holland, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiff brought suit in January of 1956, for personal injuries suffered in October of 1954, in the course of his employment as a glazer in the construction of a building. He originally sought recovery solely from the owner of the premises, the General Electric Corporation, alleging that the injuries resulted from a violation of the Structural Work Act, more commonly known as the Scaffolding Act. In February of 1963, he moved for and was granted leave to amend his complaint, naming as an additional defendant the general contractor, the Abell-Howe Corporation. Abell-Howe appeared, and moved to dismiss the action as against it on the grounds that it had not been made a party defendant within the period specified by the applicable statute of limitations. The motion to dismiss was granted, the or-

der stating that there was no just reason for delaying enforcement or appeal, and this appeal followed.

In explanation of the fact that he did not make Abell-Howe a party defendant until more than eight years after the accident, where the applicable statute of limitations provides for only two years within which to bring suit (Ill Rev Stats, c 83, § 15, 1963), plaintiff alleges that this was necessitated by the 1961 opinion of our Supreme Court in Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785. He argues that whereas before Gannon the owner of the premises was absolutely liable for injuries resulting from Scaffolding Act violations, the import of Gannon was to impose liability upon the owner only where he was in charge of the construction. It is plaintiff's position that the addition of Abell-Howe as a party defendant should be allowed because this change in the judicial construction of the Scaffolding Act should not be permitted to work a forfeiture of plaintiff's cause of action.

Amendments of the pleadings are governed by section 46 of the Civil Practice Act and at the time of the amendment of the complaint in this case, subsection 4 of that section provided:

> (4) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (a) the time prescribed or limited had not expired when the original action was commenced; (b) failure to join the person as a defendant was inadvertent; (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another; (d) the person,

within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him; and (e) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended. (Ill Rev Stats, c 110, § 46(4), 1961).

■■ To sustain the inclusion of Abell-Howe as a defendant subsequent to the expiration of the period of limitations, plaintiff must show that this amendment meets all of the conditions set forth in this statutory language. The trial court specifically held that plaintiff had not satisfied the requirement of part (c) of subsection 4; or more specifically, that service of summons was not had upon Abell-Howe or any of its agents prior to the expiration of the period of limitations. No claim is made that service was actually made upon Abell-Howe during that period. Plaintiff does contend, however, that by virtue of Abell-Howe's agreement in its contract with General Electric to save G. E. harmless against any liability arising from injuries resulting from the construction job, and by virtue of the fact that G. E.

and Abell-Howe had a common insurer, G. E. must be deemed the agent of Abell-Howe for service of process. We do not agree. General Electric and Abell-Howe are entirely independent and unrelated entities for all other purposes. We do not feel that Abell-Howe's promise to hold General Electric harmless, or the fact that the two companies had a common insurer, renders one the agent of the other for service of process within the meaning of subsection 46(4)(c). Such a strained construction would undermine the statute of limitations, which the conditions specified in subsection 46(4) were intended to safeguard. Silver v. Lee Shell Equipment Corp., 31 Ill App2d 266, 270, 175 NE2d 287.

Plaintiff also cites subsection 54(1) of the Civil Practice Act (Ill Rev Stats, c 110, § 54(1), 1961) in support of his attempt to add Abell-Howe as a defendant after the running of the period of limitations. That subsection provides:

> (1) Change of interest or liability. If by reason of marriage, bankruptcy, assignment, or any other event occurring after the commencement of a cause or proceeding, either before or after judgment, causing a change or transmission of interest or liability, or by reason of any person interested coming into existence after commencement of the action, it becomes necessary or desirable that any person not already a party be before the court, or that any person already a party be made party in another capacity, the action does not abate, but on motion an order may be entered that the proper parties be substituted or added, and that the cause or proceeding be carried on with the remaining parties and new parties, with or without a change in the title of the cause. (Ill Rev Stats, c 110, § 54(1), 1961).

■■ Plaintiff argues that the alleged change in the law effected by the Gannon decision by the Supreme Court was an event causing a change in liability within the meaning of that section, and therefore the addition of Abell-Howe as a defendant should be allowed. Again, we do not agree. This section is concerned with changes in the existence and legal status of the parties themselves, and with transfers between parties of interest in the cause of action, but not with changes in the legal rules governing the case. It was not intended to provide a basis for the tardy inclusion as a defendant of a party whose existence and legal status remained unchanged and was known to the plaintiff at the time the original suit was filed.

In support of his contentions plaintiff cites Lau v. West Towns Bus Co., 16 Ill2d 442, 158 NE2d 63, and Geneva Const. Co. v. Martin Transfer & Storage Co., 4 Ill2d 273, 122 NE2d 540. We find neither case persuasive because each is substantially different on its facts. In Lau, the personal injury action was filed against the reorganization trustee of Chicago and West Towns Railways, Inc. After the period of limitations had passed, the receivership was dissolved and the assets delivered to the reorganized Chicago and West Towns Railways, Inc., which changed its name to the West Towns Bus Company. Plaintiff was permitted to bring in West Towns Bus Company as a party defendant over the objection that the period of limitations had run. On appeal, the Supreme Court stated that subsection 54(1) authorized the substitution of the new company for the reorganization trustee. Lau thus was a case involving a change in the defendant's identity, not an attempt, as here, to join as a defendant an entirely independent party which had existed at the time the original suit was filed.

In Geneva, the Supreme Court upheld the order allowing a party to intervene as a plaintiff in a personal

injury action after the period of limitations had expired, where all of that party's allegations were essential to the relief sought by the plaintiff in the original complaint, and investigation of all of them was essential to a proper defense. The court concluded that the defendant could not be prejudiced by the amendment, and stated: "Statutes of limitation, like other statutes, must be construed in the light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible. That purpose has been fully served here." (4 Ill2d at 289, 290).

In contrast, the party sought to be added in the case at bar is a defendant who had not previously been sued at all, and who therefore had not been required to investigate the facts in the preparation of a defense. The holding in Geneva is thus inapplicable.

Plaintiff has raised other points and cited other cases, but after a careful examination we have concluded that they are without merit. We agree with the trial court that the amendment of the complaint did not comply with the requisites set forth in subsection 46(4) of the Civil Practice Act, and that therefore Abell-Howe's motion to dismiss should be granted. The judgment of the Circuit Court of Cook County is therefore affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.