Beatrice Robinson, Plaintiff-Appellant, v. Chicago National Bank, Trustee Under Trust No. 5199, Leo Goldman, Beneficiary Under the Trust No. 5199, and Sol Shapiro, Defendants-Appellees.

Gen. No. 48,322.

First District, Second Division.

June 30, 1961.

Gomberg, Levin & Gomberg, of Chicago (Sidney Z. Karasik, of counsel) for appellant.

John J. Sullivan, of Chicago (Gerald M. Chapman, of counsel) for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On January 9, 1959, Beatrice Robinson filed a complaint to recover damages for personal injuries alleged to have been sustained on October 11, 1957, in an apart-

ment building in Chicago, title to which was held in trust by the Chicago National Bank as trustee under a trust agreement. The bank moved to dismiss contending that as the holder of the naked title it did not operate, possess or control the premises. On April 8, 1959, the bank answered interrogatories, stating that Leo Goldman was the beneficiary of the trust and that Sol Shapiro was the manager of the building. On November 20, 1959, slightly more than a month after the two-year Statute of Limitations had run, plaintiff obtained leave to file an amended complaint adding Goldman and Shapiro as additional parties defendant. The additional defendants were served on December 10, 1959, and filed a motion to dismiss, alleging that the action was barred by the Statute of Limitations. Plaintiff, by counteraffidavit, asserted that Sec 46(4) of the Civil Practice Act applied to defeat this defense. The court entered judgment in favor of all the defendants, whereupon plaintiff appealed. She concedes the correctness of the judgment in favor of the bank as trustee.

The amended complaint alleges that the trustee held naked title to the premises as the agent of Goldman, who was the equitable owner, operating, possessing and controlling the apartment building which was managed by the defendant Shapiro as the agent of Goldman and the trustee. Except for the allegations as to parties, the complaint and amended complaint are identical, both claiming that the defendants negligently permitted the carpet and rubber mat on the stairway to become torn, loose and otherwise in bad condition, and the lights to become inoperative. On deposition Shapiro testified that his primary duty with respect to the building was the collection of rents. When the tenants contacted him about conditions in the building he referred them to the janitor or to Goldman.

■ ■ The land trust is a device by which the real estate is conveyed to a trustee under an arrangement reserving to the beneficiaries the full management and control of the property. The trustee executes deeds, mortgages or otherwise deals with the property at the written direction of the beneficiaries. The beneficiaries collect rents, improve and operate the property and exercise all rights of ownership other than holding or dealing with the legal title. The arrangement is created by two instruments. The deed in trust conveys the realty to the trustee. Contemporaneously with the deed in trust a trust agreement is executed. The pertinent provisions of the trust agreement are summarized as follows: While legal title to the real estate is held by the trustee, the beneficiaries retain "the power of direction" to deal with the title, to manage and control the property, to receive proceeds from sales or mortgages and all rentals and avails on the property. The trustee agrees to deal with the *res* of the trust only upon the written direction of the beneficiaries or the persons named as having power of direction, in this case, Leo Goldman. The trustee is not required to "inquire into the propriety of any direction" received from the authorized persons. The trustee has no duties in respect to management or control of the property or to pay taxes, insurance or to be responsible for litigation. The only specified duties upon the trustee are to "execute deeds or otherwise deal with the property upon the direction of the beneficiary or other named authorized persons." Another duty of the trustee is to sell at public auction any property remaining in the trust twenty years from the date of the agreement. The beneficiaries agree to indemnify the trustee for any expenses or outlays incurred by the trustee on account of holding legal title, including cases in which the trustee is a party to any litigation. The agreement forbids its recorda-

58

tion in the Recorder's Office or elsewhere and forbids the trustee to disclose the name of any beneficiary. The Illinois courts have construed the land trust as an active trust and therefore not affected by the Statute of Uses.

One of the attorneys for plaintiff in an affidavit explained his "inadvertence" in failing to add as defendants Goldman and Shapiro before the running of the Statute of Limitations. Upon receipt of the answers to the interrogatories, the file was pulled out, the answers attached and the file placed upon his desk. The file remained upon his desk for an undetermined period estimated at about two months. Thereafter the file was placed in his brief case for the purpose of taking it home to be worked upon. The file remained in the brief case. Thereafter the brief case was on occasion taken home but the file was never worked on. When plaintiff called her attorney in November, 1959, the omission to file the amended complaint was noted and immediate action taken. The defendants Goldman and Shapiro had notice of the pendency of the suit before they were joined as defendants and prior to the expiration of the Statute of Limitations. The trial judge concluded that the action was not commenced against Goldman and Shapiro within the time limited by law, and that Sec 46(4) was not applicable to the amended complaint on the ground that clauses (b) and (c) thereof were not complied with.

Plaintiff insists that her cause of action against Leo Goldman, the beneficiary, and Sol Shapiro, the building manager, is not barred by the Statute of Limitations because the five conditions precedent of Sec 46(4) of the Civil Practice Act are satisfied. There is no dispute that the requirements of clauses (a), (d) and (e) were met. We turn to a consideration of plaintiff's contention that the failure to join Goldman and

Shapiro before the Statute of Limitations expired was "inadvertent." By clause (b) plaintiff was required to establish that her failure to join Goldman and Shapiro or either of them as a defendant was inadvertent. She states that the "inadvertence" relates to the time when the original action was commenced, not her conduct afterward. She asserts that to give effect to the enablement of post-limitations joinder provided by Sec 46(4) it must be concluded that it is inadvertence of non-joinder at the time of the original action which suspends the limitations, and that once suspended the limitations remain suspended, provided all the conditions of paragraph (4) are satisfied. Plaintiff asks that we consider the example of an action commenced against a land trustee a day before the lapse of limitations where the plaintiff ascertained the identity of the beneficial owners after limitations, and assuming the other conditions are met argues that the courts should hold that the joinder was permissible notwithstanding the running of limitations, that the time between discovery and joinder would not be a factor, and that to hold otherwise would be to reimpose the Statute of Limitations after it had been suspended by plaintiff's original inadvertent non-joinder.

Plaintiff urges that "inadvertent" is broader in meaning than "excusable neglect." She points out that the word is not further qualified in any way in the statute, and that there are no words of modification which would restrict its sense as negligence of an excusable kind. Plaintiff's attorney admits that he had the essential information to amend the complaint months before the Statute of Limitations had run its course. She submits that such negligence or lack of heed to his duties in prosecuting the action against the real defendants is covered by the word "inadvertent." We are of the opinion that the facts

60

constituting the inadvertence must be in existence from the time of filing the complaint to the time the amendment is presented. Plaintiff knew the identity of the beneficiary of the trust and the identity of the manager on April 8, 1959. She did nothing about it until November 20, 1959. In our view the word "inadvertence" means excusable ignorance, not excusable failure to act after the facts are discovered. When plaintiff read the answers to the interrogatories she knew the identity of the proper defendants. She was not then ignorant of any fact. A plaintiff must act with reasonable diligence after the identity of the true defendants becomes known. In the example presented by plaintiff of an action commenced against a land trustee a day prior to the expiration of the Statute of Limitations it would seem that the plaintiff's rights would be protected by exercising reasonable diligence in ascertaining the identity of the beneficiary by interrogatories or otherwise and in joining persons whose names were disclosed. Under the construction sought by plaintiff the beneficial owners of a land trust would never be entitled to the repose which the Statute of Limitations provides if the trustees were sued within the statutory period, even though the plaintiff might learn the identity of the beneficiaries on the day after the original action was filed. The construction for which the defendants contend, however, permits excusable ignorance to extend the statutory period until the time when such ignorance is dispelled, thus obtaining the result intended by the Legislature in passing Sec 46(4) without the additional disruptive consequence inherent in plaintiff's construction.

Plaintiff maintains that for the purpose of Sec 46 (4)(c), a land trustee holding title at the direction and control of a beneficiary subsequently named defendant is an agent upon whom service of summons

is appropriate to satisfy the statute. Paragraph (c) reads: "Service of Summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as an agent of another." Service upon the original defendant as "agent of another" does not obviate the necessity of acquiring jurisdiction over the subsequently named defendant by another service. Service upon the new defendant cannot be had until he is named. In the instant case Shapiro and Goldman knew of the pendency of the action prior to the expiration of the period of limitation and prior to the service of summons upon them. Plaintiff, citing Gallagher & Speck v. Chicago Title & Trust Co., 238 Ill App 39, and Brazowski v. Chicago Title & Trust Co., 280 Ill App 293, concedes that beneficiaries in the usual land trust are not agents for the trustee. Plaintiff states that it is not an unreasonable extension of the reasoning in Schneider v. Pioneer Trust & Sav. Bank, 26 Ill App2d 463, 168 NE 2d 808, to hold that a beneficiary, having the benefits of secrecy under a land trust, has, by implication, designated the land trustee as his agent to receive service of summons in tort cases arising from alleged negligence in operation of the premises. In Barkhausen v. Continental Illinois Nat. Bank & Trust Co., 351 Ill App 388, 115 NE2d 640, the agency arose not out of the fact that a trust relationship existed, but out of the direction to execute the assumption agreement. In reversing the judgment in the Barkhausen case (3 Ill2d 254, 120 NE2d 649) the Supreme Court said (263):

"The defendant here makes the argument that because Bohrer and Barkhausen, as beneficiaries of a conventional Illinois land trust, had authority to direct their trustee in the administration of the trust property, he was their agent, and his assumption of the mortgage debt solely as such trustee was an assump-

62

tion of that debt by the beneficiaries as principals. Defendant seems to lose sight of the agreed purposes of the instrument under scrutiny."

The record in the case at bar shows that there is no agency relationship expressly, by implication or by estoppel between the trustee, Goldman and Shapiro. The beneficiary retains to himself and never loses control over the operation and management of the property. The trust agreement gives no power to the trustee to act as an agent for the service of process and gives no power to it in the management, operation or control of the premises. Liability arises out of the acts of the person having the right to possession and control of the property. This is a personal liability, not a liability in *rem* against the title to the property. It follows that the trustee cannot be deemed an agent either express or implied for the purpose of accepting service of process upon the beneficial owners for actions arising out of their claimed personal torts. The agency theory is fallacious since there is nothing on which to base it. Sol Shapiro, the manager, had no relationship to the trustee. We are of the opinion that the indemnity provision of the trust agreement may not be relied on by plaintiff as indicating that the trustee was the agent for the beneficiary for the purpose of service.

We think that the trial judge was right in deciding that plaintiff failed to meet the requirements of clauses (b) and (c) of Sec 46(4) of the Civil Practice Act. Therefore the judgment is affirmed.

Judgment affirmed.

FRIEND, P. J. and BRYANT, J., concur.