2 Ill. App.3d 742 (1971)
277 N.E.2d 335
GLORIA PAKU, Plaintiff-Appellant,
v.
M.V. LEASING CORPORATION, Defendant  (MITCHELL TRANSPORT INC., Defendant-Appellee.)
No. 71-17.
Illinois Appellate Court  Third District.
December 28, 1971.
Hart, Banbury, Gullstrand, & Banbury, of Aurora, for appellant.
Robson, Masters, Ryan, Brumund & Belom, of Joliet, (Frank H. Masters, Jr. and Sidney Z. Karasik, of counsel,) for appellee.
Judgment affirmed.
Mr. JUSTICE DIXON delivered the opinion of the court:
*743 This cause of action arose on April 23, 1968, when the Plaintiff was involved in an accident with a truck owned by M.V. Leasing Corporation and driven by Bernard C. Davis. On November 21st, 1968, suit was filed with M.V. Leasing Corporation being named the sole Defendant. The Plaintiff alleged that Bernard C. Davis was operating the truck as the agent or servant of the Defendant, M.L. Leasing Corporation.
On December 23, 1968, the Defendant, M.V. Leasing Corporation, entered its appearance in the case and on March 26, 1969, by answer denied that Bernard C. Davis was its agent or servant at the time of the accident. By May 9, 1969, M.V. Leasing Corporation answered certain interrogatories propounded to it by Plaintiff's attorney and among its answers admitted it was the owner of the vehicle involved in the accident with Plaintiff; denied that Bernard C. Davis was its employee on the date of the accident; denied that Davis was ever employed by M.V. Leasing Corporation; and stated that Davis at the time of the accident was employed by Mitchell Transport, Inc.
On June 25, 1969, Plaintiff filed a Motion for leave to make Mitchell Transport, Inc. an additional party Defendant, and to file an Amended Complaint. The Motion was set for hearing on July 8, 1969. On July 7, 1969, Plaintiff's then attorney, through a letter to the Court and opposing counsel, indicated that he would not be appearing at the July 8 hearing on his motion because his client had indicated a desire to change legal counsel.
On April 17, 1970, a Notice of a Pre-Trial Hearing was issued by the Circuit Court directed to Plaintiff's attorney, indicating that the within case was set for pre-trial conference on April 24, 1970.
On April 23, 1970, the date the two year Statute of Limitations ran on Mitchell Transport, Inc., a Stipulation for Substitution of Attorneys was entered into between the Plaintiff, her lawyer, Sidney Podolsky and the law firm of Hart, Banbury, Gullstrand and Banbury of Aurora, Illinois, wherein the latter law firm was to be substituted as Plaintiff's attorney of record. The Stipulation was filed with the Trial Court on April 24, 1970, and on that same day, the Trial Court granted Attorney Podolsky leave to withdraw as attorney for Plaintiff and substituted the law firm of Hart, Banbury, Gullstrand and Banbury as attorneys for Plaintiff.
On April 30, 1970, Plaintiff's new counsel again moved the Trial Court to add Mitchell Transport, Inc. as an additional party Defendant. Plaintiff was granted leave to file her amended complaint and obtain service upon the new Defendant, Mitchell Transport, Inc. On August 17, 1970, the new Defendant, Mitchell Transport, Inc., filed a Motion to Dismiss the complaint against it on the grounds that Plaintiff had not commenced her action for personal injuries within two years after the date of the accident. *744 On December 8, 1970, Defendant's Motion to Dismiss was granted. Plaintiff, through her new counsel, duly perfected her appeal to this Court.
The plaintiff argues that section 46 (4) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 46 (4)) applies. This statute provides that a cause of action against a person not originally named a defendant is not barred by a statute of limitations if, among other things, failure to join the person as a defendant was inadvertent.
It is clear that the additional defendant Mitchell Transport was known to the plaintiff as early as May 9, 1969, which was more than eleven months before the statute of limitations had expired.
 1, 2 It is argued that the definition of inadvertence is broad enough to include the conduct of the plaintiff in this case. There is inadvertence if the plaintiff was "not turning the mind to a matter; heedless; negligent, inattentive * * *." Silver v. Lee Shell Equipment Corp., 31 Ill. App.2d 266.
However, the word "inadvertence" does not include a failure to act within a reasonable time after the true facts are discovered. See Fields v. 6125 Indiana Ave. Apts. Inc., 47 Ill. App.2d 55, 58, where the court said "Section 46 (4) was not intended to discontinue the operation of the statute of limitations and thus give the party seeking the benefit of that section an unlimited period in which to add the proper parties. He must do so within a reasonable time after notice has been given or knowledge received with respect thereto. Plaintiff cannot claim inadvertence when advised with legal formality, in response to interrogatories, the names and addresses of the defendant more than eight months before the statute of limitations had run. It is our conclusion therefore that this condition was not fulfilled and that the plea of statute of limitations by the individual defendants is good."
The Fields case was decided in 1964 by the same division and the same judges who had decided the Silver v. Lee Shell case in 1961. The court in the Fields case adopted the reasoning of Robinson v. Chicago Nat. Bank 32 Ill. App.2d 55, decided in 1961 with the qualification that there be a reasonable period allowed for a plaintiff who comes within the provisions of the act to take the necessary steps to add the proper parties after he has received knowledge of them.
Plaintiff contends that her attorney did act with dispatch after receiving notice and did take steps to add the additional defendant almost ten months before the Statute of Limitations had run that thus there was no failure to act but only failure to complete an act.
Plaintiff's attorney was aware that he was required to obtain leave of court to amend the complaint joining the new defendant, in fact he had *745 prepared and mailed a draft order which accompanied his motion for leave to amend. He did nothing thereafter. Such conduct is not inadvertence within the meaning of Sec. 46 (4) (b) but inexcusable failure to act after the facts are discovered.
It is not necessary for us to consider the other points made by defendant with respect to conditions (c) and (d) of section 46.
The order of the Circuit Court of Will Country is affirmed.
Judgment affirmed.
STOUDER, P.J. and SCOTT, J., concur.