HALL, Judge.
The appellant challenges the final order which finds him personally liable for the default in payment of a promissory note which he executed as trustee of a land trust. We reverse.
In August 1985, Bryan McGuire and Joseph V. Smillee, as principals of Suncoast Properties, retained the appellant, James A. Schwartz, an attorney, to assist them in negotiating and drafting contracts to acquire distressed condominium projects. The appellant, at McGuire and Smillee’s request, established a land trust as the purchasing entity and agreed to act as trustee only as legal title owner, claiming that he was not willing to incur personal liability or to be involved in the management of the project.
Thereafter, McGuire and Smillee solicited a $25,000 loan from the appellee, Sarah H. Hill, which was evidenced by a promissory note from the land trust to the appellee. The note was signed by the appellant as trustee. The appellee was to have the $25,-000 repaid to her plus interest and 5% ownership of the project and profits.
The appellant drafted the documents for Sunbelt Properties Trust I. The trust documents were signed by the appellant, McGuire and Smillee; however, they were not received or signed by the appellee.
McGuire and Smillee' established a business office to sell condominium units. The appellee conducted business with them and visited the site, but never contacted the appellant about the venture.
On October 17, 1986, the appellee brought suit against the appellant as the trustee of the Sunbelt Properties Trust and individually, alleging that the appellant had defaulted on the promissory note. Following a nonjury trial on October 7, 1988, the trial court entered its final judgment in favor of the appellee and against the appellant individually in the sum of $25,000, plus interest, on the grounds that since the ap-pellee never signed or knew of the existence of the trust documents and the appellant failed to keep an accounting of the trust assets or otherwise act in a fiduciary capacity, no viable trust ever existed. It found that “one who signs a promissory note in a representative capacity for a principal which is nonexistent is personally liable.” The appellant challenges this finding on appeal.
The appellant argues that the trial court erred in finding that the Sunbelt Trust I never existed since there was sufficient evidence in the record to show that the trust was viable: There were written trust documents which were signed by 95% of the shareholders, the trust was funded, *780 conducted business, entered into contracts to obtain real property, and was the sole owner of a corporation which owned the thirty-unit condominium project.
The appellant concedes that he never performed the conventional fiduciary duties of a trustee, such as accounting, reporting, or managing the trust properties; however, he argues that this was not a conventional trust. Rather, he argues it was an Illinois land trust, which differs from all other trusts in that although the trustee holds title to the property, all managerial and administrative powers are held by the beneficiaries of the trust. The trustee has no duties other than to convey, mortgage, or sell the real estate as directed by the beneficiaries. See, e.g., Robinson v. Chicago Nat’l Bank, 32 Ill.App.2d 55, 176 N.E.2d 659 (1961).
We agree with the appellant that the trial court erred in finding that the appellant failed to perform his fiduciary duties as a trustee under a conventional trust and, therefore, no viable trust existed. It is apparent from the record that the parties hereto operated under an Illinois land trust and that the fiduciary duties as referred to by the trial judge do not apply to a trustee acting under an Illinois land trust.
The trust documents, which were properly executed by the appellant, McGuire, and Smillee, expressly stated that the beneficiaries were to have full and exclusive control over the management and operation of the trust and that the trustee was to incur no individual liability as in a standard Illinois land trust. The fact that the appellee, a 5% shareholder, did not sign or receive a copy of the trust documents does not negate its validity.
Reversed and remanded with directions to the trial court to enter judgment finding no individual liability as to James A. Schwartz for any unpaid sums under the promissory note.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.