FIRST CHICAGO TRUST COMPANY OF ILLINOIS, as Trustee, *et al.*, Plaintiffs-Appellants, v. OLD WILLOW FALLS CONDOMINIUM ASSOCIATION, Defendant-Appellee.

First District (6th Division)   No. 1—91—1810

Opinion filed February 28, 1992.—Rehearing denied April 20, 1992.

Ellis B. Levin, of Lamet, Kanwit & Davis, of Chicago, for appellants.

Marshall N. Dickler and Shelley R.Z. Barnett, both of Marshall N. Dickler, Ltd., of Arlington Heights, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, First Chicago Trust Company of Illinois, as trustee, and Saul Azar, Alex Pinsky, and Zal Horn, as beneficiaries under trust No. RV—011121 (hereinafter plaintiff), sought a mandatory injunction against defendant, Old Willow Falls Condominium Association, ordering it to accept plaintiff's voting proxies and to permit Azar to become a candidate for the board of managers of defendant association. The trial court granted defendant's motion to dismiss, holding that plaintiff was a developer and not a unit owner with voting rights.

As set forth in the companion case of *Azar v. Old Willow Falls Condominium Association,* (1992), 228 Ill. App. 3d 753, Azar, Pinsky and Horn are beneficial owners of 48 units in Old Willow Falls Condominium Association. On December 18, 1990, an annual meeting was held to elect members to defendant board for the upcoming year. Plaintiff's attorneys presented voting proxies and attempted to nominate Azar to the board of managers. A dispute arose between the parties regarding plaintiff's voting rights. Defendant's attorney directed that a vote be conducted with double tallying. In the vote excluding plaintiff's votes, three incumbent members of the board and two challengers were elected. In the second tally, which included plaintiff's votes, Azar would have been elected to the board.

The sole issue presented for review is whether plaintiff is entitled to vote as a unit owner and run for election to the board of managers. Plaintiff contends that its previous status as developer does not preclude its right to exercise the powers of a unit owner.

■ The Condominium Property Act provides that the bylaws shall include provisions for:

> "The election from among the unit owners of a board of managers, the number of persons constituting such board, and that the terms of at least one-third of the members of the board shall expire annually and that all members of the board shall be elected at large." Ill. Rev. Stat. 1989, ch. 30, par. 318(a)(1).

Article II, section I, of defendant's bylaws provides that defendant shall have one class of members, and that each unit owner shall be a member of the association. The bylaws further provide that each member shall be entitled to the number of votes equal to his percentage ownership interest in the common elements at the time any matter is submitted to a vote of the members. If a unit is owned by more than one person, the voting rights shall not be divided, but shall be exercised as if the unit owner consisted of one person in accordance with the proxy.

While there are no Illinois cases directly addressing the issue of whether a developer is considered a unit owner, we find cases from other jurisdictions instructive for purposes of our review. In *Brooks v. Palm Bay Towers Condominium Association, Inc.* (Fla. App. 1979), 375 So. 2d 348, the Florida court determined that a condominium developer is a unit owner and as such is liable for assessments that come due while title is held by the developer, regardless of how title is acquired. Relatedly, in *Richard Gill Co. v. Jackson's*

*Landing Owners' Association* (Tex. App. 1988), 758 S.W.2d 921, the Texas court held that a partnership which managed and performed duties of an owners' association during the development period was an "apartment owner" as to units within the condominium that it still owned during the development period and was subject to assessments. Like the developers in both *Brooks v. Palm Bay Towers* and *Richard Gill Co. v. Jackson's Landing*, plaintiff in this case was responsible for paying assessments on the 48 units held in trust.

The Condominium Property Act and the declaration of defendant association define a unit owner as: "the person or persons whose estates or interests individually or collectively, aggregate fee simple absolute ownership of a unit." (Ill. Rev. Stat. 1989, ch. 30, par. 302(g).) In an Illinois land trust, the interests of the trustee and the beneficiary together aggregate fee simple ownership. (*La Salle National Bank v. Triumvera Homeowners Association* (1985), 133 Ill. App. 3d 303, 478 N.E.2d 1033; *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 176 N.E.2d 659.) There are no express provisions in the Condominium Property Act or defendant's bylaws or declaration indicating that a developer cannot be a unit owner.

■■ Applying these rules to the present case, it becomes apparent that the interests of the trustee, together with those of the three beneficiaries, aggregate fee simple ownership of the 48 units in Old Willow Falls Condominium. Thus, plaintiff meets the definition of a unit owner found in both the Act and defendant's declaration and, therefore, becomes a member of the condominium association. In accordance with defendant's bylaws, plaintiff is entitled to the number of votes equal to his percentage ownership interest in the common elements at the time any matter is submitted to a vote of the unit members.

Article IV, section 2, of defendant's bylaws provides in relevant part:

> "Only a member of the Association may be a member of the Board. In the event that a member of the Association is a corporation, partnership, trust or other legal entity other than a natural person or persons, then any shareholder, officer or director of such corporation, partner of such partnership, beneficiary or individual trustee of such trust, or manager of such other legal entity, may be eligible to serve as a member of the Board."

In view of our finding that plaintiff is a unit owner and therefore becomes a member of the Association, we find that Azar, as beneficiary of the trust, is eligible to run for election to defendant's board of managers.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed. We remand the cause with directions to enter an order consistent with this opinion.

Judgment reversed and cause remanded with directions.

EGAN, P.J., and RAKOWSKI, J., concur.