FIFTH DIVISION

 August 24, 2001 

Nos. 1-98-2975; 1-99-3083 Consolidated

In re
 MARRIAGE OF LILY GROSS, ) Appeal from the

 ) Circuit Court of

Petitioner-Appellee, ) Cook County

 )

and )

 )

JEFFREY DAVID GROSS, )

 )

Respondent-Appellant )

and Cross-Appellee )

 )

(Lily J. Gross, Indiv. and as )

Director and Beneficiary of Land ) 

Trust Number 274, First National Bank )

of Northbrook, Trustee, )

 )

Plaintiff, )

 )

v. ) No. 94 D 10080 

 )

Jeffrey David Gross, )

 ) 

Defendant and )

Counterdefendant )

 )

 )

(Success National Bank, )

 )

Defendant and )

Counterdefendant-Appellee; )

 )

First National Bank of Northbrook, )

as Trustee under Trust Agreement dated )

November 9, 1984, and known as Trust No.)

274; Jeffrey Gross; Lily Gross; )

"Unknown Owners" and Non-Record )

Claimants, ) 

 )

Defendants and )

Counterplaintiffs; )

 )

 )

 

Lawrence S. Starkopf, )

 ) Honorable

Contemnor and Cross- ) Richard S. Kelley,

Appellant)). ) Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court:

First National Bank of Northbrook, as trustee under trust

agreement No. 274 (First National), held title to a parcel of real estate in Northbrook, Illinois, pursuant to the terms of a trust agreement dated November 9, 1984, which designated Lily Gross (Lily) as the owner of the beneficial interest and the holder of the power of direction.  Some time thereafter, First National, as trustee, executed a mortgage in the sum of $210,000 and an instrument creating a line of credit in the sum of $125,000 encumbering the premises that were the subject matter of the trust.  These loans were granted by Success National Bank (Success).

The letters of direction to First National that directed the execution of the security documents, seemingly executed by Lily, the holder of the power of direction, were apparently forged by her husband, Jeffrey Gross (Jeffrey), without the authority or approval of Lily.

Ultimately, Success secured a judgment of foreclosure and a judicial sale by reason of the default of the indebtedness evidenced by the security documents.

Lily filed a complaint against First National for breach of fiduciary duty as trustee and for negligence in connection with the execution of the several security documents.

First National thereafter filed a counterclaim against Jeffrey and Success, the lender, seeking indemnity from any sums it might have to pay to Lily.  All of these matters were consolidated into a single action which included the dissolution of marriage between Jeffrey and Lily.

The essence of First National's claim against Success is that Success delivered the mortgage documents and forged letter of direction to First National and that First National relied upon Success's somehow warranting that the letter of direction was signed by the appropriate party.

The trial court entered summary judgment in favor of Success.  Although First National initially alleged that Success had delivered the loan documents and letter of direction to it, its employee, in a deposition, in response to the question "Do you know how this letter of direction came to you?", answered "No."  Thereafter the same employee filed an affidavit stating: "In conformity with the foregoing practice and custom *** Success National Bank submitted to Northbrook *** the loan documents."

The trial court determined that the employee's original answer of "No" estopped First National from submitting the affidavit.

Apparently, First National believes that there is some wiggle room in the word "no" and that "no" was not a judicial admission.

Clearly if the initial testimony had been ambiguous or unclear, the employee's subsequent affidavit might not have been contradictory, but there is little room for doubt as to the meaning of the word "no."  It seems clear and unequivocal.

Tongate v. Wyeth Laboratories
, 220 Ill. App. 3d 952 (1991); 
Schmall v. Village of Addison
, 171 Ill. App. 3d 344 (1988). Moreover, the later pronouncement is so speculative in its nature that it is hardly likely to establish an additional fact which would have to be submitted to the trier of fact.  The affiant does not offer any chain of circumstances that showed that Success submitted the documents to First National, but, rather, she merely states that it is First National's "custom and practice" as to who is assumed to have delivered the documents and the manner of delivery of the documents.  It is unclear whether the documents came by mail or personal delivery, or were  delivered by Jeffrey, or delivered by Success, or might have been delivered by Jeffrey's counsel.  The witness just does not know and answered truthfully when she said "No."

Success cites 
Schmall v. Village of Addison
, 171 Ill. App. 3d 344 (1988), which identified subsequent testimony inconsistent with earlier testimony and holds that the earlier testimony must be "deliberate, repeated and unequivocal."  Again, we note that the word "no" is certainly unequivocal and deliberate.  Additionally, in the deposition testimony the witness was asked, "[D]o you know how this letter of direction came to you?" which was answered by the witness "No," and the witness was again asked, "You don't know how you received it, is that correct?" and again the witness answered "No."

Accordingly, the court was correct in determining the witness's original answer was a judicial admission.  Moreover, the deposition testimony of First National's employee makes it clear that the trustee did not rely on the fact that Success had tendered documents but, instead, the trustee "would look at the trust agreement and compare it to the letter of direction" and would have looked at Lily Gross's signature on the trust agreement and compared it with the signature on the letter of direction.

Even if we were to give credibility to First National's employee's statement, its argument would still fail.  In the security documents, First National expressly warrants to Success that it has authority to act as trustee.  For example, the mortgage granted by First National, as trustee, states:

"(b) Grantor has full right, power and authority

to execute and deliver this mortgage to the lender"

and

"Grantor hereby warrants that it possesses full

power and authority to execute this instrument."  

The instrument then goes on to indicate that all of the other warranties provided in the instrument are not personal warranties binding on the grantor, personally, and all of the other undertakings in the mortgage are "expressly waived by lender"

as far as the grantor (trustee, First National).

Accordingly, by the very terms of the mortgage, the warranty that it possesses full power and authority to execute the instrument is expressly made to the lender (Success).  The instrument creating the revolving credit loan contains a similar warranty that the instrument is executed "in the exercise of power and authority conferred upon and vested in it as such trustee."  See 
La Salle National Bank v. Federal Emergency Management Agent
, No. 84 C 9066, (N.D. Ill. July 26, 1985). "An Illinois land trust is a unique creature

of Illinois law whereby real estate is conveyed to a

trustee under an arrangement reserving to the benefi-

ciaries the full management and control of the property.

The trustee executes deeds, mortgages or otherwise

deals with the property at the written direction of

the beneficiaries.  The beneficiaries collect rents,

improve and operate the property and exercise all

rights of ownership other than holding or dealing

with the legal title....  While legal title to the

real estate is held by the trustee, the beneficiaries

retain 'the power of direction' to deal with the title,

to manage and control the property, to receive

proceeds from sales or mortgages and all rentals and

avails on the property.  The trustee agrees to deal

with the res of the trust only upon written direction

of the beneficiaries....  The trustee is not required

to 'inquire' into the propriety of any 'direction'

received from the authorized person...."  
La Salle
,

slip op. at ____, quoting 
Robinson v. Chicago National Bank
, 32 Ill. App. 2d 55, 58 (1961) (in its description of Illinois land trusts). 

The trustee accordingly is a mere vessel of title.  It exercises no control over the property and only acts according to the beneficiaries' directions.  
People v. Chicago Title & Trust Co.
, 75 Ill. 2d 479 (1979).  Accordingly, the single warranty or representation that a trustee makes upon execution of documents is that it has the power and authority to appropriately execute the instruments.  

Therefore, we would affirm the summary judgment entered by the trial court in favor of Success.

Affirmed.

[Nonpublishable material under Supreme Court Rule 23 removed here].

QUINN, P.J., and THEIS, J., concur.