ABDALLAH *v.* WEIL.

(*Nashville*, December Term, 1934.)

Opinion filed February 23, 1935.

JAMES H. FRAZIER, of Nashville, for plaintiff in error.

White & Howard, of Nashville, for defendant in error.

Mr. Justice Chambliss delivered the opinion of· the Court.

This suit for damages for alleged negligence in putting out for sale a bottle of Coca-Cola containing particles of glass which plaintiff drank was dismissed by the trial judge following his refusal to permit an amendment on motion of plaintiff. The original summons, issued July 1, 1932, ran against ''Julius B. Weil, President & General Manager, doing business as the Coca-Cola Bottling Works.'' Weil was served with an alias in November, 1932, and filed a plea of not guilty in December. The case was continued from time to time. April 28, 1934, plaintiff made the following motion: ''Comes the plaintiff and moves the court to be allowed to amend his summons and declaration to show that Coca Cola Bottling Works is a corporation with Julius B. Weil as President.'' The trial judge refused to allow this amendment, and the entry showing that counsel for plaintiff conceded that he had no action against Weil individually, sued in the action as originally brought, the suit was dismissed, and plaintiff appeals, assigning as error the action of the trial judge in rejecting his motion to amend. We find no error.

In the first place, the trial judge properly exercised the large discretion vested in him in view of the unexplained or unexcused delay; the suit having been commenced nearly two years before, and it being apparent that, if a new party defendant should be thus brought in, a plea would be interposed raising the bar of the one year personal injury statute (Code 1932, section 8595) as to such new party. Liberality is allowed in bringing

in new parties plaintiff, where privity appears, as in *Nance's Lessee* v. *Thompson*, 1 Sneed, 321, or *Augusta Mfg. Co.* v. *Vertrees,* 4 Lea, 75; or when the new party is nominal only, as in *Whitson, Adm'r.* v. *T. C. Ry. Co.*, 163 Tenn., 35, 40 S. W. (2d), 396; but no case holds that a new party defendant, having a distinct legal entity, may be brought in after one year, except subject to the limitation statutes. See cases cited in note to Williams' Code, section 8622.

And, in the second place, the amendment in the form proposed would have had the effect of a correction only of the description of the originally named and sued defendant. He had been originally described as "doing business as the Coca Cola Bottling Works." As amended, he would stand described as "president of Coca Cola Bottling Works, a corporation." Such an amendment would not make the corporation a party defendant, or authorize process to issue for it. While a corporation, when sued, may be brought into court by service upon its president as such, the corporation is a legal entity distinct from that of the individual who happens to be its president, and a suit against the one is not a suit against the other.

The judgment is affirmed.