Irene Grewenig, Appellee, v. American Baking Company, Appellant.

Gen. No. 9,241.

Opinion filed February 15, 1938.

Donovan, Bray & Gray, of Joliet, for appellant.

Pence B. Orr, of Joliet, for appellee.

Mr. Justice Huffman delivered the opinion of the court.

Suit was commenced by appellee against the Mariner Baking Company, an Illinois corporation, in April, 1932. Praecipe for summons was filed by plaintiff directing the clerk to issue summons in the case against the Mariner Baking Company, to the damage of the plaintiff of $5,000. Pursuant thereto, summons was

issued under date of April 22, 1932. This summons was returned by the sheriff showing service on the defendant through George Mariner, vice-president. The declaration was filed on April 22, 1932. It charged the defendant with being engaged in the manufacture and sale of bread to the public and to retail stores for the purpose of general distribution; that the defendant had negligently caused a certain loaf of bread to be manufactured and sold to a retail dealer for the purpose of resale to the public, which contained broken particles and fragments of glass; that the plaintiff not knowing the character of the loaf of bread, purchased same, and while at all times in the exercise of due care, suffered injury from attempting to eat a portion of said bread.

Demurrer was filed to the declaration, which was sustained. Subsequently, the plaintiff filed an amended declaration on August 4, 1932, against the same defendant. Demurrers to this declaration were overruled. On December 7, 1933, the defendant filed the general issue and three special pleas. The special pleas disclosed that the Mariner Baking Company was not engaged in manufacturing bread at the time in question and approximately 16 months prior to the time of the alleged injury, had sold its business to the American Baking Company, a Delaware corporation (appellant herein), and that appellant had made and sold the bread upon which the complaint was based. On April 23, 1934, plaintiff joined issue on the general issue and filed motion to strike the special pleas. This motion was denied. On April 25, 1934, plaintiff obtained leave to amend the declaration by interlineation and by adding the appellant as an additional party defendant. A request for summons was filed and summons issued against appellant. This summons was served on appellant on April 27, 1934, by the sheriff through George Mariner as the registered agent for

appellant. On May 5, 1934, plaintiff filed replications to the special pleas of the Mariner Baking Company, to which replications said company filed its demurrer. On June 6, 1934, appellant filed motion to dismiss the complaint as to it, and also filed pleas of the statute of limitations. Subsequently, and on December 6, 1934, the plaintiff made motion to withdraw the amendments to the declaration made under leave granted April 25, 1934, whereby appellant was made an additional party defendant, and to cancel and vacate the summons issued, together with the return thereon, and all pleadings filed pursuant thereto. At this time, plaintiff asked leave to amend the original summons issued on April 22, 1932, and the sheriff's return thereon, by writing therein ''American Baking Company'' wherever the name of the original defendant ''Mariner Baking Company'' appeared, and also for leave to likewise amend the declaration. In accord with this motion by plaintiff, the court on December 8, 1934, entered its order vacating the summons issued pursuant to the order of April 25, 1934, and ordered stricken all pleadings which had been filed by appellant following the service had upon it under the aforesaid summons. The Mariner Baking Company was dismissed from the case and appellant retained as the sole defendant by virtue of the above order of the trial court permitting the original summons of April 22, 1932, to be amended by inserting therein the American Baking Company in lieu of the defendant, the Mariner Baking Company.

Appellant then entered its limited and special appearance for the purpose of questioning the jurisdiction of the court, and filed its plea in abatement to such effect. The plaintiff demurred to the plea in abatement, which demurrer was sustained. The cause was tried by jury and a verdict for $500 returned in favor of plaintiff. The defendant filed its motion in arrest

of judgment, among other things setting up that it appeared from the record that service of process was never had upon it under the summons of April 22, 1932, and therefore it was not in court and not subject to the jurisdiction of the court. This motion was overruled, and judgment entered on the verdict in favor of plaintiff. The defendant prosecutes this appeal.

This case comes to this court solely upon the common law record. Appellant urges that when appellee on April 25, 1934, first obtained leave of court to amend her declaration by adding it as a new party defendant, procured an order for a summons, and obtained service upon appellant thereunder, that upon service of this summons appellant for the first time was brought into this case. It then urges that these acts of plaintiff not occurring until more than two years after the injury complained of, came too late, and that plaintiff is barred by the statute of limitations. Appellant filed pleas to this effect. After these pleas were filed, the plaintiff seeking to retract from her position resulting from the order of April 25, 1934, obtained the leave of court above mentioned, to withdraw the first amendments to the declaration, to cancel and vacate the order for issuance of summons, to vacate the summons and return thereon, and to strike all pleadings filed pursuant to process issued, by virtue of the order of the court of April 25, 1934. Plaintiff obtained leave to effect these changes by her motion filed on December 6, 1934.

Appellant urges that the above action of plaintiff taken on December 6, 1934, in dismissing it from the suit as a defendant under the summons obtained by the order of April 25, 1934, and the attempt to bring it in as a party defendant by substituting its name for that of the Mariner Baking Company, in the original summons issued on April 22, 1932, was an attempt to evade the force and effect of the statute of limitations,

and to unlawfully confer jurisdiction of appellant upon the court. Appellant urges that the order of the court granting such leave was erroneous. It can fairly be said that appellant bases this appeal upon such action of the court, and challenges the right of appellee to have it substituted in the original summons and the return, in lieu of the defendant which was named therein.

It is almost a universal rule, at law as well as in equity, that a court may allow other persons than those before the court, to come in or to be brought in as parties, to the end that substantial justice may be done. A new party defendant may be brought in under compulsion, while a new party plaintiff usually must come in voluntarily. The right to bring in new parties is in many States governed by statute. Statutes of the different jurisdictions are in varying terms. However, their purpose is that new parties may be added as justice may require in order that a determination of the controversy may be fully and finally made. Section 149, ch. 110, Smith-Hurd 1935; Ill. State Bar Stats. 1935, ch. 110, ¶ 153; Jones Ill. Stats. Ann. 104.025, provides for the bringing in of new parties defendant. The mode generally prescribed for bringing in new parties, after the court has made an order to such effect, appears to be by amending the complaint by adding the new parties together with such other amendments with respect to the allegations thereof as are necessary, and unless such new parties defendant enter an apppearance, to serve them with summons in the manner prescribed by statute. An amendment bringing in new parties defendant, must be considered with a view to the pending litigation. Failure to join parties defendant in a tort action is not the same as omitting the name of a defendant by mistake or inadvertence, who is a joint obligee on a contract declared upon in an action *ex contractu*. Ordinarily in tort ac-

tions against one defendant where the tort may have been committed by several, the defendant cannot plead the nonjoinder of the others either in abatement or in bar, as the plaintiff has the right to sue any one or more joint tort-feasors.  As a general rule, a party cannot be brought in as a party defendant in a tort action, where the statute has run in his favor at the time of application to add him, notwithstanding the fact that the action against the original defendant was commenced within the prescribed time.  And in this respect the rule is well settled that as against new parties defendant, the statute of limitations continues to run in their favor until they are thus made parties. *Hacken v. Isenberg,* 288 Ill. 589, 595, 124 N. E. 306; *Glover v. Insull,* 213 Ill. App. 268; *Proctor v. Wells Bros. Co.,* 181 Ill. App. 468 (aff'd 262 Ill. 77, 104 N. E. 186); *Bennett v. Wilmington Star Min. Co.,* 119 Ill. 9.

Appellee relies upon the case of the *Pennsylvania Co. v. Sloan,* 125 Ill. 72.  This was an action where the plaintiff brought suit against the Pittsburgh, Fort Wayne & Chicago Railroad Company, and later obtained leave of court to amend by substituting the Pennsylvania Company in place of the Pittsburgh Company.  It appears that the Pennsylvania Company was operating the Pittsburgh, Fort Wayne & Chicago Railroad Company, and appeared by its attorneys and without pleading in abatement pleaded to the merits. It was said in that case (p. 77) that, ''where the real party in interest and the one intended to be sued is actually served with process in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit; and, if he does not, he will be concluded by the judgment or decree rendered the same as if he were described by his true name.''

Appellee urges that by amending her declaration, the original summons of April 22, 1932, together with return thereon, by writing therein the American Bak-

ing Company in lieu of the Mariner Baking Company, pursuant to leave of court had on December 8, 1934, that by such amendments she was merely substituting the correct name of the defendant. She urges advantage of the rule that where suit is brought against and service had upon the right defendant but by a wrong name, an amendment substituting the defendant's correct name, does not amount to substituting a new defendant. In support of this contention appellee relies upon the case of the *Pennsylvania Co. v. Sloan, supra,* and *Ferenc v. Walden W. Shaw Auto Livery Co.,* 210 Ill. App. 340.

It appears in the case of *Proctor v. Wells Bros. Co., supra,* that the appellant was made a new party defendant after the statute of limitations had tolled, and the suit dismissed as to the original defendant. The new defendant filed the general issue and pleas setting up the statute of limitations. It was there held that the latter pleas were a bar to recovery. Although the two different corporations in that case had similar names, yet it was there held that where one of them was named as defendant and duly served with summons, the suit was not thereby commenced against the other so far as the statute of limitations was concerned, until such other corporation was brought in by summons in due course, and that it was immaterial that the plaintiff intended to sue such other corporation in the first instance, as the circumstances disclosed that it was a case of mistaken identity as to the proper defendant. We thus see that the rule urged by appellee of amending process and pleadings by substituting a new defendant in place of the one named, upon the theory that the proper defendant was intended to be sued, but was sued by wrong name, is subject to application according to the facts in the particular case.

Appellee further urges sec. 4 of the Amendments Act (ch. 7, Ill. State Bar Stats. 1935, ¶ 4; Jones Ill. Stats. Ann. 107.029), which provides that returns by

the sheriff may be amended in matter of form according to the truth of the matter. It appears that the sheriff's return to the summons issued under date of April 22, 1932, spoke the truth, as it showed service upon the defendant named therein. It necessarily follows that the sheriff served the defendant that he intended to serve. There is no similarity between the names of the two corporations involved in this case. They were separate corporate entities. The fact that George Mariner was an officer of the Mariner Baking Company, an Illinois corporation, and served as the registered agent for the American Baking Company, a Delaware corporation, should not alter the case. We know of nothing to prevent the same individual from serving as the registered agent of more than one corporation, or from being an officer in more than one corporation.

Appellee had notice by pleas filed by the Mariner Baking Company that it was not engaged in the manufacture of bread at the time in question, and that it had sold its business to appellant. It was not until April 23, 1934, that appellee replied to these pleas by joining issue on the general issue and filing motion to strike the special pleas. After her motion to strike the special pleas was denied, appellee obtained the order of April 25, 1934, to amend the declaration by adding appellant as an additional new party defendant, and filed a request for summons for appellant as an additional party defendant. This summons was issued and served on appellant on April 27, 1934, through its registered agent. The appellant thereupon filed its motion to dismiss the suit as to it, together with pleas going to the statute of limitations. Appellee during all this time retained the Mariner Baking Company as a defendant in the case. It was not until December 6, 1934, that appellee made motion to withdraw the amendments to the declaration under leave of court

granted April 25, 1934, whereby appellant had been made an additional party defendant, and on the same day secured leave of court to vacate the amendments and summons which had brought appellant into the case as an additional party defendant, and also obtained leave to amend the original summons of April 22, 1932, and return, by changing the name of the defendant named therein, from the Mariner Baking Company, to that of appellant, American Baking Company. As previously stated, pursuant to this leave granted appellee, the court vacated its order of April 25, 1934, vacated all process issued thereunder, and struck all pleadings which had been filed following the bringing in of appellant by virtue of such order. Whereupon appellee dismissed the Mariner Baking Company from the case and sought to retain appellant as the sole defendant.

We are of the opinion that the case of *Proctor v. Wells Bros. Co., supra,* is controlling in this case. The circumstances are quite similar in many respects. With reference to the position of the plaintiff in that suit, it is stated on p. 80 of the opinion, "when the plea was filed denying that the defendant was in possession or control of the premises, machinery, appliances or persons alleged in the declaration, the plaintiff in error continued to insist that the defendant was in such possession and control and was the company by which he was employed. . . ." The appellee in this case continued to insist that the Mariner Baking Company was the defendant that manufactured and sold the bread. She joined issue on the general issue and filed motion to strike the special pleas, which set out that the appellant owned and was operating the business at the time complained of. Appellee obtained leave of court to make the appellant an additional party defendant. Appellant was duly brought in as a new party defendant by the service of summons in the

manner prescribed by statute. The Mariner Baking Company was retained in the case as codefendant. It was not until after appellant had filed its pleas to the statute of limitations that appellee sought to substitute it as the defendant in the original summons, which had issued nearly three years before. Under the circumstances in this case, we do not consider that appellee is in a position to avail herself of the rule urged. There is an inherent incompatibility between the position actually taken by appellee and that which she claims she intended to take. Her acts as reflected by the record do not indicate that she intended in the first instance to sue appellant. As in effect stated in the *Proctor v. Wells Bros. Co.* case, *supra* (p. 80), the appellee may have been clearly mistaken as to the proper defendant's identity, but she was just as clearly insisting on such defendant's liability. She did not retreat from this position until after appellant had been brought in as an additional party defendant in the manner provided by statute, and had filed its pleas to the statute of limitations.

To permit a plaintiff to sue a named defendant in a tort action and to insist upon such defendant's liability until a time when the statute of limitations had run, and then to bring in an entirely new defendant, by substituting such new defendant's name in the original summons in lieu of the old defendant, would be to render nugatory the statute with respect to the limitation of actions.

Since the original defendant, the Mariner Baking Company, was dismissed from the suit more than two years after the bringing of the action, and since the statute of limitations appears by the record to have tolled with respect to appellant, the judgment of the court herein is reversed.

*Judgment reversed.*