Willard Silver and Stuart Silver, Copartners, d.b.a. Silver Bros. Food Shop, Plaintiffs-Appellants, v. Lee Shell Equipment Corporation, a Corporation, and I. W. Shell and William Shell, Individually and as Copartners, d.b.a. Lee Shell Equipment Company, a Corporation, Defendants-Appellees.

Gen. No. 48,301.

First District, Third Division.

April 26, 1961.

Clausen, Hirsh, Miller & Gorman, of Chicago (Jerome H. Torshen, of counsel) for appellants.

Arvey, Hodes & Mantynband, of Chicago (Howard Arvey and Jack H. Oppenheim, of counsel) for appellees.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

On motion of defendants I. W. Shell and William Shell, the trial court dismissed the suit as against them on the ground that they had not been made parties defendant within the period of limitations provided by law. From this order, plaintiffs have appealed.

The question presented to us is whether the exception to the Limitations Act provided for in sec. 46(4) of the Civil Practice Act, Ill. Rev. Stat., ch. 110, sec. 46(4) (1959) applies in this case.

. The suit is based on breach of warranty in connection with the purchase of an electric motor on September 5, 1953. Suit was started in March 1954 and

summons was returned on April 2, 1954, showing service on Lee Shell Equipment Corporation, by leaving a copy thereof with I. W. Shell (Off.), "the agent/officer" thereof.

Plaintiffs, having occasion to fear that the Shells were not doing business as a corporation at the time the cause of action accrued, duly filed an amended complaint on February 10, 1960, making the Shells additional parties defendant. The five year period of limitations had expired, but plaintiffs maintain that sec. 46(4) of the Civil Practice Act, Ill. Rev. Stat., ch. 110, sec. 46(4) (1959) creates an exception and that they were within that exception. That section provides that such an amendment may be made and that it relates back to the date of filing of the original pleading, even though the statute of limitations had expired, upon conditions summarized as follows:

(a) the period of limitations had not expired when the original action was commenced;

(b) failure to join the additional party was inadvertent;

(c) service of summons was in fact had upon the person, his agent or partner, even though he was served in the wrong capacity or as agent of another;

(d) the additional defendant, within the time that the action might have been brought or asserted against him, knew that the original action was pending and that it grew out of a transaction involving him;

(e) it appears from the original and amended pleadings that the cause of action asserted in the amended pleadings grew out of the same transaction or occurrence.

■ ■ Plaintiffs in their motion for leave to add parties defendant allege fulfillment of all the conditions required by sec. 46(4). Defendants do not deny

268

this allegation, except as to item (b) relating to inadvertence. They say the original complaint alleged that the sale was made by Shell Equipment Corporation; that the motion and amended complaint name the corporation and demand judgment against it as well as the company, and that this reveals that there was no inadvertence. Plaintiffs reply, in effect, that if they had been alert, they would have named additional parties originally and would have taken no chance on who was the actual seller. The dictionary defines "inadvertent" as: "Not turning the mind to a matter; heedless; negligent; inattentive; . . . ." Webster's New International Dictionary, Second Ed. It appears to us that the word was used in that broad sense in the statute, and includes such a situation as exists in the instant case.

██ Defendants further argue that the purpose of the amendment is to substitute one party for another, and not to permit a plaintiff to join additional parties. Nothing in the statute provides or suggests that it is limited to cases of substitution. On the contrary, item (b) of sec. 46(4) refers to failure to "join the additional party," and item (d) refers to "the additional defendant." This seems to make clear that the statute contemplated additional parties.

Defendants nevertheless contend that the act had its origin in the desire of the legislature to change the law as laid down in Fitzpatrick v. Pitcairn, 371 Ill. 203, 20 N.E.2d 280, which was a case of substitution. In that case the plaintiff sought to *substitute* the receivers of a railroad as the defendant, instead of the company. The court denied her leave to do so because the period of limitations had expired, even though the person who had actually been served within the period was an agent of the receivers as well as of the company. It does not follow from this that when the legislature undertook to correct the injustice, it restricted itself to the facts of that case.

■ Statutory construction must always begin with a study of the language of the act itself. The history of the legislation may be inquired into for the purpose of clarifying an ambiguity or a doubtful meaning. It cannot be used to impose a new condition or limitation on a right granted by the act which is not contained in or suggested by the language of the act itself. To us it appears that the legislature sought to provide a remedy for the inequities growing out of the confusion that may result from the changing entities under which contemporary business and industry is conducted. At the same time the legislature created conditions which would safeguard against the undermining of the statute of limitations. Jenner and Tone, *Historical and Practice Notes*, Smith-Hurd's Ill. Stats. Ann., ch. 110, sec. 46(4) pp. 611–12 (1959). In other words, it took account of the problem that lawyers in our time have of determining the right defendant. That is particularly true in a densely populated city where one may deal for years with a business and not know the character of its organization—whether corporate, partnership, individual, or a common law trust.

The primary basis for allowing such an amendment is knowledge of the suit through actual service on the person sought to be added or substituted or his partner or agent within the period of the statute of limitations, albeit he was served in the wrong capacity. Jenner and Tone, *Pleadings, Parties and Trial Practice,* 50 N.U.L. Rev. 612, 618–20; O'Shaughnessy, *Pleading and Motion Practice,* 44 I.B.J. 424–28; Brunsman, *Parties—Joinder and Third Party Practice,* 44 I.B.J. 371, 373. Even when the ultimate goal is to substitute, it has been considered good practice first to add the additional party, because if there is only one party defendant and he is dismissed, there is no longer a case.

In the instant case, the individual defendants had knowledge of the suit by reason of the service on I. W. Shell. They had in fact investigated it and taken an active part in the defense. It is a most appropriate case for application of section 46(4). This statute so ably formulated by its proponents must not be hamstrung by a narrow construction of its salutary provisions.

The judgment is reversed and the cause is remanded with directions to deny the motion to dismiss, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

McCORMICK and DEMPSEY, JJ., concur.