Betty Davis, Plaintiff-Appellant, v. Hoeffken Bros., Inc., a Corporation, Defendant-Appellee.

Gen. No. 64–110.

Fifth District.

June 4, 1965.

139

John R. Sprague, of Belleville, for appellant.

Wagner, Conner, Ferguson, and Bertrand & Baker, of Belleville (John D. Bauman, of counsel), for appellee.

GOLDENHERSH, J.

Plaintiff filed suit in the Circuit Court of St. Clair County to recover for damage to her residence as the result of alleged negligence of the defendant, a building contractor, while constructing a highway near plaintiff's home. A motion to make the complaint more definite and certain was filed and allowed, and plaintiff filed an amended complaint.

Defendant filed a motion to dismiss the amended complaint with prejudice, on the ground that plaintiff had executed a full release of all claims asserted therein. A copy of the release was incorporated in the motion, and the motion was verified by counsel.

Plaintiff filed a motion to strike defendant's motion to dismiss the amended complaint, supported by plaintiff's affidavit, alleging that the release was intended to cover only certain enumerated items, and was not intended to release plaintiff's claim arising out of an occurrence which, plaintiff alleges, caused damage greatly in excess of the sum paid plaintiff when the release was executed.

The release, executed on June 8, 1962, recites that in consideration of the payment to her of the sum of $110, plaintiff releases defendant from all claims occurring on or about April 30 and May 17, 1962, "by reason of dirt blocking culvert caused rain water to divert over Betty Davis yard into basement of her home and damaged driveway and garden." In addition to these specific matters, the release purports to include "all claims or demands whatsoever . . . by reason of any matter, cause or thing whatsoever prior to the date hereof." Plaintiff's affidavit, filed with her

motion to strike, contains a list of the items of damage purportedly covered by the release. The amounts assigned to the items of damage total $110. The amended complaint charges acts of negligence on April 30 and May 17, 1962, the dates shown in the release, and also alleges substantial damage by reason of an occurrence on May 25, 1962.

The court heard arguments on the motions of the parties, and on July 27, 1964, entered an order dismissing the amended complaint "as to the complaints and demands and causes of action set forth therein, with prejudice to the plaintiff, and at plaintiff's cost."

On August 18, 1964, plaintiff filed a motion to vacate and set aside the order of dismissal entered on July 27, 1964, and a motion for leave to file a second amended complaint, to which motion plaintiff attached a copy of the proposed second amended complaint. Defendant filed a motion to strike the motion to vacate, asserting a number of grounds, which to the extent pertinent to this decision, are hereinafter discussed.

The second amended complaint, which plaintiff sought leave to file, contains two counts. Count I is substantially the same as the first amended complaint. Count II seeks equitable relief and alleges that plaintiff is illiterate, that she relied on the representations of a claim agent that the release covered only certain enumerated items, and further alleges mutual mistake of fact, and fraud. The second amended complaint is verified by plaintiff. On October 9, 1964, the court denied plaintiff's motion to vacate the order of dismissal, denied plaintiff's motion for leave to file the second amended complaint, and allowed defendant's motion to strike plaintiff's motion to vacate the dismissal order. The order further provides, "plaintiff having elected to stand on the pleadings, judgment is hereby entered in favor of the defendant, Hoeffken

Bros., Inc., a Delaware Corporation and against the plaintiff, Betty Davis." This appeal followed.

Section 46 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 46) permits amendments at any time before final judgment. Such amendments may change or add causes of action, or defenses, which may enable a plaintiff to sustain his claim, or the defendant to make a defense, or assert a cross demand. Section 33 of the Practice Act provides that pleading shall be liberally construed with a view to doing substantial justice between the parties. Section 42(2) states that no pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet.

■ Defendant properly raised the issue of release by motion to dismiss, supported by affidavit. (Section 48(f) Civil Practice Act.) Plaintiff's verified motion to strike placed certain facts in issue which, if proved, may have modified or obviated the effect of the release. Section 48(3) of the Practice Act provides that in such situations, if a material and genuine issue of fact is raised, the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny it without prejudice to the right to raise the subject matter of the motion, by answer. We are unable to determine from the order entered on July 27, 1964, whether the court made findings of fact based on the affidavits, or whether it decided the issue on the basis that the facts stated in plaintiff's affidavit, even if true, would not except any part of plaintiff's claim from the release.

■ ■ In its brief, appellee states that the trial court thoroughly considered the evidence before it and carefully studied the affidavits and release, and was convinced that the judgment of dismissal of plaintiff's complaint was supported by the evidence. Ap-

143

pellee further states that under such circumstances, this court should not disturb a finding of fact. Had the trial court made findings of fact after hearing evidence, this would be correct, but there was no evidence taken, and no finding of fact made. The Practice Act does not contemplate that findings of fact shall be based on a contest conducted through affidavits. If fact issues are raised in the affidavits, these issues should have been decided before the motion was passed on. Kovalik v. Baldwin, 3 Ill App2d 210, 121 NE2d 53.

██ Subsequent to the dismissal and before the order became final, having moved for leave to file an amended complaint, plaintiff should have been given leave so to do. The provisions of the Practice Act above cited are intended to enable a litigant to present a cause of action or defense, and amendments to that end should be permitted unless it is clear that the defect in his pleading is not curable by amendment.

██ We are aware of the rule that one contending that a release was secured as a result of mistake, misrepresentation or fraud, must prove his case by clear and convincing evidence. Child vs. Lincoln Enterprises, Inc., 51 Ill App2d 76, 200 NE2d 751. The doing of substantial justice requires that he be given the opportunity so to do, and to that end, the rules governing amendment should be liberally construed. The court should have permitted plaintiff to file her amended pleading unless it found that the proposed second amended complaint failed to state a cause of action, and denied plaintiff's motion for that reason.

The dismissal order entered on October 9, 1964, above quoted from, recites that "plaintiff having elected to stand on the pleadings, judgment is entered. . . ." This is precisely what plaintiff did not do; she sought leave to file a second amended complaint, and

for the reasons given herein, should have been granted leave to do so. The judgment of the Circuit Court of St. Clair County is, therefore reversed, and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

MORAN, P. J. and EBERSPACHER, J., concur.