JAMES A. LATSHAW, Plaintiff-Appellant, v. HUMPHREYS LEATHER GOODS COMPANY et al., Defendants—(CONTINENTAL BUILDING CORPORATION, Defendant-Appellee.)

(No. 55355;

First District—April 19, 1972.

*Rehearing denied May 17, 1972.*

Shapiro, Levine & Crane, of Chicago, (Allan G. Levine, of counsel,) for appellant.

Lord, Bissell & Brooks, of Chicago, (Richard E. Mueller and Don W. Fowler, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The trial court dismissed James Latshaw's complaint against defendant, Continental Building Corporation, because the defendant had not been made a party to this action within the period of limitations provided by law. From this order, plaintiff has appealed.

On appeal plaintiff contends that the exception to the statute of limitations provided for in section 46—4 of the Civil Practice Act applies in this case. Ill. Rev. Stat. 1967, ch. 110, par. 46—4.

The cause of action was based on alleged negligence in connection with the plaintiff's falling from defendant's dock on May 16, 1967 and sustaining injuries as a result of the fall. Complaint was filed on April 14, 1969 and named Container Corporation, Continental Envelope Corporation and others as defendants. On May 23, 1969, Continental Envelope Corporation filed its answer to the complaint denying plaintiff's allegations. On June 18, 1969, Container Corporation filed its answer to the complaint. On October 10, 1969, the trial court granted Container Corporation's motion for summary judgment because on Sepember 11, 1963, the building had been sold to National Boulevard Bank of Chicago as trustee under trust number 1340. On November 19, 1969, plaintiff filed his second amended complaint naming National Boulevard Bank of Chicago as trustee under trust number 1340 as defendant along with previously named defendants. On January 23, 1970, the trial court granted the motion for summary judgment by National Boulevard Bank of Chicago as trustee under trust number 1340 because the trust was terminated on June 30, 1964, and the building conveyed to 2929 Sout Wabash Building Corporation. On February 18, 1970, a third amended complaint was filed adding Continental Building Corporation and 2929 South Wabash Corporation as defendants. On April 9, 1970 Continental Building Corporation filed a motion to dismiss on the grounds that the cause of action was barred by the statute of limitations. On January 29, 1970, the trial court granted Continental Building Corporation's motion to dismiss.

Defendant, Continental Building Corporation, was not made a party to his action until February 18, 1970, when the third amended complaint was filed. Therefore, the defendant was not made a party to this cause of action within two years and raised the statute of limitations as a bar to this action. Plaintiff relies on section 46—4 of the Civil Practice Act

to exclude his action from the statute of limitations. Section 46—4 provides in part:

"(4) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute * * * prescribing or limiting the time within which an action may be brought * * *, all the following terms and conditions are met: * * * (b) failure to join the person as a defendant was inadvertent; (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another * * *. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." (Ill. Rev. Stat. 1967, ch. 110, par. 46—4.)

■■ The defendant denies that the plaintiff's failure to join it as a defendant was inadvertent. The term inadvertent has been defined and held to be synonymous with excusable ignorance. *Fields v. 6125 Indiana Ave. Apartments, Inc.,* 47 Ill.App.2d 55, 196 N.E.2d 485; *Robinson v. Chicago Nat. Bank,* 32 Ill.App.2d 55, 176 N.E.2d 659.

In the case at bar, plaintiff relied on a title search by Real Estate Index Company which showed that Container Corporation was the owner. Plaintiff also relied on signs posted in the building which stated that the owner was Container Corporation.

■■ In the cases cited by the defendant, the plaintiffs knew the identity of the defendants before the statute of limitations had run. (*Morse v. Michaelson, Rabig & Ramp,* 101 Ill.App.2d 366, 243 N.E.2d 271; *Gonzalez v. Seiff,* 90 Ill.App.2d 127, 234 N.E.2d 336; *Horan v. Brenner,* 57 Ill.App.2d 83, 206 N.E.2d 488; *Fields v. 6125 Indiana Ave. Apartments, Inc.,* 47 Ill.App.2d 55, 196 N.E.2d 485; *Cox v. Shupe,* 41 Ill.App.2d 413, 191 N.E.2d 250; *Robinson v. Chicago Nat. Bank,* 32 Ill.App.2d 55, 176 N.E.2d 659.) In the case at bar, we believe that under the facts heretofore related, the plaintiff acted with reasonable diligence after the identity of the true defendant became known. Consequently, plaintiff met the test of inadvertency.

In the case at bar, Jerome Margulies owned all the stock in Continental Envelope Corporation, an ordinary party defendant and a majority interest in Continental Building Corporation. Continental Envelope Corporation and Continental Building Corporation were both represented by the same attorneys. Defendant knew from the time of the filing of the original complaint, the nature of the claim sought to be enforced against Continental Building Corporation, and the conduct which was the basis for it; that the time prescribed for commencing the cause of

action had not expired when the original action was filed; and that the claim grew out of an occurrence which involved Continental Building Corporation.

■■ The primary purpose for allowing a late amendment is knowledge of the suit through actual service on the person sought to be added or substituted or his agent within the period of the statute of limitations, albeit he was served in the wrong capacity. In the case at bar, Continental Building Corporation had actual knowledge of the suit.

We find that the plaintiff has complied with all the conditions required by section 46—4 of the Civil Practice Act.

In view of our conclusions, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded with directions.

DIERINGER, P. J., and BURMAN, J., concur.