ROBERT JACKSON *et al.*, Plaintiffs-Appellants, *v.* MR. & MRS. CHARLES NAVIK, d/b/a HELVITIA HOTEL and HELVITIA MARINA, *et al.*, Defendants—(ARBOR RESORT AND MARINA, INC., Defendant-Appellee.)

(No. 72-171;

Second District—February 21, 1974.

Joseph R. Curcio, of Chicago, for appellants.

Diver, Ridge, Brydges & Bollman, of Waukegan, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs appeal from an order dismissing their amended complaint against Arbor Resort and Marina, Inc. (corporation). Plaintiffs contend that the trial court erred when it found that the amended complaint did not meet all requirements of section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, § 46(4)) and that the allegations of the amended complaint were insufficient to support plaintiffs' theory that the corporation was the alter ego of James J. Boarini doing business as the Arbor Resort and Marina.

On July 28, 1969, plaintiffs filed their original action under article VI, section 14 of the Liquor Control Act (Ill. Rev. Stat. 1967, ch. 43, § 135) against Jerry Idstein and James Boarini, d/b/a Caroll's Resort and Marina, and others. The complaint alleged that on August 11, 1968, the defendants sold or gave alcoholic beverages to Robert Jackson which beverages caused his intoxication and that while intoxicated, he was severely injured. A summons issued on the day the complaint was filed; it was later returned "not found" as to defendants Idstein and Boarini. An alias summons for the same defendants issued on January 8, 1970; it was similarly returned. On May 1, 1970, Boarini was served in his individual capacity as stated above. Idstein was never served.

Boarini filed a special and limited appearance which contained a motion to dismiss. In a supporting affidavit contesting the courts' jurisdic-

tion, he claimed to have had no knowledge of the incident prior to May 1, 1970; that he had not been served with summons until that date (despite the fact that, as stated in a later affidavit, he had been readily available for service and on the premises of the "Arbor" virtually every day since July of 1969); and that plaintiffs' failure to obtain service prior to May 1, 1970, constituted a lack of due diligence resulting in his (Boarini's) substantial prejudice. The motion to dismiss was denied and Boarini filed his answer. He then moved for summary judgment premised on the fact that he was neither owner nor licensee of Caroll's Arbor Resort and Marina.

Plaintiffs were subsequently granted leave to amend their complaint by adding the corporation as an additional party defendant. On March 3, 1971, the corporation was served with summons and, on December 1, 1971, moved to dismiss the amended complaint. This motion was granted on the basis that the corporation had not been made a party to the action within the one-year statute of limitations (Ill. Rev. Stat. 1971, ch. 43, § 135) and that by failing to show that the corporation or its agents had any knowledge of the action before the end of that period, plaintiffs had failed to comply with section 46(4)(d) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, § 46 (4) (d)). The court, pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1971, ch. 110A, Rule 304), found no reason to delay either the enforcement or appeal from the order and, on motion of the plaintiffs, defendant Boarini was dismissed with prejudice.

The plaintiffs contend that all requirements of section 46(4) were met. That section states:

> "A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute   *   *   * limiting the time within which an action may be brought or right asserted, if *all* of the following terms and conditions are met: *   *   *." (Emphasis added.)

Plainly, then, if any one requirement of section 46 (4) is not met, a plaintiff cannot avail himself of the relation-back doctrine espoused by this section. We therefore seek to determine whether plaintiffs here complied with subparagraph (d) of section 46 (4) which requires that:

> "*   *   * the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him; *   *   *".

Plaintiffs allege that the subparagraph (d) requirement was met because knowledge of the pending suit is presumed from the date of the filing of the original complaint without regard to the date defendant is served

or ·acquires actual knowledge of the suit. It is also their position that if the lawsuit against Boarini, individually, could be sustained despite his being served after the limitations period, the result should not be different because plaintiffs later discovered that the proper party was the corporation.

■■ It is correct that an action is commenced when the complaint is filed (Ill. Rev. Stat. 1971, ch. 110, § 13) and that in situations where the statute of limitations has run in the interval between the filing of the complaint and service of summons, the effect of the statute of limitations is avoided when reasonable diligence is exercised in obtaining service of process (Ill. Rev. Stat. 1971, ch. 110A, Rule 103(b); *Lawrence v. Williamson Ford, Inc.*, 13 Ill.App.3d 880, 886 (1973)). Plaintiffs would have us apply this same principle to section 46 (4) (d) and, though they concede that there is no case directly on point, cite a number of cases where the knowledge of the after-named defendant is either assumed or presumed from the facts of the particular case. Having examined these cases, we find that in every instance the after-named defendant knew of the action before the statutory period of limitations had run. See *Moore v. Jewel Tea Co.*, 46 Ill.2d 288, 292-293, *aff'g* 116 Ill.App.2d 109 (1970); *Lau v. West Towns Bus Co.*, 16 Ill.2d 442, 449-450 (1959); *Bates v. Wagon Wheel Country Club, Inc.*, 132 Ill.App.2d 161, 164 (1971); *Cody v. Ladurini*, 109 Ill.App.2d 116, 128 (1969); *Lang v. Board of Education*, 109 Ill.App.2d 195, 198 (1969); *Robinson v. Chicago National Bank*, 32 Ill.App.2d 55, 59 (1961); *Silver v. Lee Shell Equipment Corp.*, 31 Ill. App.2d 266, 271 (1961).

A number of cases clearly state that allowing additional defendants to be named after the statute of limitations had run was primarily based on knowledge of the suit through actual service on the person sought to be added or substituted, or his partner or agent, within the period of the statute of limitations, even though he was served in the wrong capacity. (See *Silver v. Lee Shell Equipment Corp.*, 31 Ill.App.2d at 270; *Bates v. Wagon Wheel Country Club*, 132 Ill.App.2d at 166; *Latshaw v. Humphreys Leather Goods Co.*, 5 Ill.App.3d 98, 101 (1972); *Kohlhaas v. Morse*, 36 Ill.App.2d 158, 161-162 (1962).) In the case before us neither Boarini nor the corporation had knowledge of plaintiff's cause of action prior to the running of the statute of limitations.

■■ On this same issue, plaintiffs argue that the trial court's narrow construction of section 46(4)(d) is incompatible with the liberal construction intended by the legislature. While that section should be liberally construed to the end that the controversy may be decided upon the facts and the merits of the case in furtherance of justice (*Cain v. New York Central R.R. Co.*, 35 Ill.App.2d 333, 338 (1962); Ill. Rev. Stat.

1971, ch. 110, § 4), statutory construction must always begin with a study of the language of the act; such construction cannot be used to create new rights or limitations which are not suggested by that language (*Silver v. Lee Shell Equipment Corp.*, 31 Ill.App.2d at 270). It is a cardinal rule that statutory construction must seek to ascertain and give effect to the intention of the General Assembly (Ill. Rev. Stat. 1971, ch. 131, § 1.01). The purpose of the statute of limitations is to bar stale claims (*Horn v. City of Chicago*, 403 Ill. 549, 560 (1949)). Under the common law, failure to join the proper party before the running of the statute of limitations was fatal to the plaintiffs' claim. (*Cody v. Ladurini*, 109 Ill.App.2d at 121.) The present section 46(4) was intended to eliminate this harsh result while continuing to safeguard against undermining the statute of limitations. In light of the liberal construction rule and the intent of the General Assembly, our courts, as previously noted, have consistently held that in order to come within the scope of the section, the proper party who is joined after the limitations period must have acquired the requisite knowledge within the limitations period, even though in the wrong capacity. We therefore, find the trial court's construction of section 46(4) to be correct, in accord with the liberal construction rule, the intent of the General Assembly and the case law.

■■ The plaintiffs also contend that the allegations of the amended complaint are sufficient to support their theory that the corporation was the alter ego of James Boarini, d/b/a Arbor Resort and Marina. Their cited cases, however, do not concern an alter ego theory. As best we can perceive, plaintiffs are arguing that service on Boarini was service on the corporation; that a suit against Boarini was in fact a suit against the corporation. Were we to agree, it remains a fact that neither Boarini nor the corporation was served or had knowledge of the suit within the limitations period. Plaintiffs have thus failed to meet the requirement of section 46(4)(d), the judgment is affirmed.

Judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.