GLORIA ANDERSON, Plaintiff-Appellant, *v.* RICK'S RESTAURANT & COCKTAIL LOUNGE *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 61196

Opinion filed February 2, 1977.

William H. Warvel and Joseph A. Terc, both of Chicago, for appellant.

Heineke & Schrader, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

On May 19, 1971, plaintiff filed a two count complaint in the circuit court of Cook County against Neil Yaeger doing business as Rick's Restaurant and Cocktail Lounge. Count I was predicated upon the Dramshop Act (Ill. Rev. Stat. 1971, ch. 43, par. 135), and alleged that Yaeger was the owner of certain premises known as Rick's Restaurant & Cocktail Lounge located at 9560 Grand Avenue in Franklin Park, Illinois; that Yaeger personally or by his agents sold or gave alcoholic liquors to an intoxicated person who, after consuming said liquors on said premises, injured plaintiff. Count II realleged that Yaeger was the owner of the above premises and charged that plaintiff, while a customer on the premises, was attacked by a third person whom defendant should have known was of a wild and unpredictable nature; and that defendant failed to provide plaintiff with the safe use of the premises. Both counts sought judgment against Neil Yaeger d/b/a Rick's Restaurant & Cocktail Lounge.

On the same day that the complaint was filed summons was issued directing the sheriff to serve Neil Yaeger in care of Rick's Restaurant & Cocktail Lounge. On the following day Neil Yaeger was served personally. In July 1971 Yaeger answered Count I only in which answer he denied all allegations except the existence of the Dramshop Act. On April 10, 1974, after obtaining leave of court, Yaeger, through another law firm, filed an answer to Count II in which he denied all its allegations.

On May 14, 1974, during a deposition, Yaeger stated that Rick's Restaurant & Cocktail Lounge was owned by Rick's Incorporated. Yaeger was vice-president of the corporation and manager of the business. His parents were the corporation's sole stockholders, but their active participation was confined to his father's sweeping out the premises in the morning and doing work on the books in the afternoon.

On August 29, 1974, the matter was assigned out for trial by the assignment judge. The trial judge indicated that trial would begin on

September 3. On that date, approximately 15 months after the statute of limitations had run, plaintiff filed a motion pursuant to section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 46(4)) to amend her complaint on its face by adding Rick's Inc. as a party defendant and to change the name of defendant to Rick's Inc. On the same date, Neil Yaeger, still represented by two law firms, filed petitions for summary judgment as to both counts. The trial court set a hearing for September 11 on plaintiff's motion to amend her complaint and on Yaeger's motions for summary judgment.

The petition for summary judgment as to Count II contained the language that it was made by Neil Yaeger doing business as Rick's Restaurant & Cocktail Lounge and was signed by defense counsel as "attorney for defendant Neil Yaeger d/b/a Rick's Restaurant & Lounge." When plaintiff's counsel called that wording to the court's attention, the judge asked defense counsel if he wished the "doing business as" portion stricken. When defense counsel characterized the language as a clerical error and requested that it be stricken, the trial court struck that portion of the petition.

At that same hearing, the trial court granted plaintiff's motion to amend the complaint to add Rick's Inc. as a party defendant. The trial court also allowed defendant Neil Yaeger's motions for summary judgment as to both counts of the complaint. The court then asked plaintiff's counsel if he wished summons to issue against the added defendant, Rick's Inc. Counsel replied that under section 46 of the Civil Practice Act he did not believe it was necessary for summons to issue. Shortly thereafter, the trial court on its own motion and citing the above colloquy, dismissed the case as to Rick's Inc. for want of prosecution on the grounds that there was no defendant properly before the court. Plaintiff appeals from that order dismissing the case as to defendant Rick's Inc. Rick's Inc., by one of the law firms representing Yaeger, has filed a special and limited appearance in this court, insisting that no court has acquired jurisdiction over it. Rick's Inc., however, by leave of court, has filed a response to plaintiff's brief.

An interpretation of section 46(4) of the Civil Practice Act is necessary to resolve the issue. The section reads in pertinent part as follows:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (a) the time prescribed or limited had not expired when the original action was commenced; (b) failure to join the person as a defendant was inadvertent; (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was

served in the wrong capacity or as agent of another, * * *; (d) the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him; * * *." Ill. Rev. Stat. 1973, ch. 110, par. 46(4).

Plaintiff contends that under the circumstances of this case it was not necessary to have summons issue in order for the court to acquire jurisdiction over the added defendant. Defendant counters by arguing that the provisions of section 46(4)(c) apply only when service of process is actually made upon a subsequently added defendant. Defendant also maintains that the failure to join Rick's Inc. was not inadvertent as required by section 46(4)(b).

■■■ Defendant's argument that plaintiff's failure to join Rick's Inc. was not inadvertent may be disposed of summarily. The contention rests on the fact that plaintiff did not seek to add defendant as a party until the matter was assigned out for trial. In the first place, the argument was not made in the trial court and therefore is waived. Moreover, the trial court, in allowing plaintiff to add Rick's Inc. as a party defendant, tacitly rejected defendant's contention. More importantly, the record reveals that plaintiff first learned that Rick's Restaurant and Cocktail Lounge was a corporation on May 15, 1974, during Neil Yaeger's discovery deposition. Plaintiff was granted leave to add Rick's Inc. on September 11, less than four months later. This court has held timely an amendment sought by plaintiff eight months after it was discovered the wrong defendant was before the court. (*Bates v. Wagon Wheel Country Club, Inc.* (1971), 132 Ill. App. 2d 161, 266 N.E.2d 343.) We hold that plaintiff's failure to join Rick's Inc. was inadvertent, and that the motion made in September 1974 conformed with the requirements of section 46(4)(b) of the Civil Practice Act.

The more crucial question is whether it was necessary after obtaining leave of court to add Rick's Inc. as a party defendant for plaintiff to have service of process issue against the corporation in order that the trial court acquire jurisdiction over it. We believe that any discussion of the issue should include a reference to section 46(1) of the Civil Practice Act, which reads as follows:

"At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for

which it was intended to be brought or the defendant to make a defense or assert a cross demand."

Our courts have continually acknowledged that section 46 of the Civil Practice Act is to be liberally construed (*Davis v. Hoeffken Bros., Inc.* (1965), 60 Ill. App. 2d 139, 208 N.E.2d 370) to the end that cases be decided on their merits and not by procedural technicalities. (*Birchfield v. Wabash-Monroe Garage & Parking Corp.* (1969), 113 Ill. App. 2d 178, 252 N.E.2d 89.) The joint committee comments regarding section 46(4) of the Civil Practice Act state as follows:

"Subsection (4) was added in 1955 to cover the situation in which the plaintiff sues the wrong defendant but serves process upon the agent of the right defendant, and the Statute of Limitations runs on the claim before rectification of the mistake."

■■ In their review of the 1955 amendment to section 46 of the Civil Practice Act, Messrs. Jenner and Tone stated in 50 Nw. U. L. Rev. 612, 619-20 (1955):

"Under new Section 46(4) no action is barred by any limitation provision of a statute or contract if certain terms and conditions are met. The provision applies only when service of process is actually made upon the subsequently named defendant sought to be charged, or his agent, as in *Fitzpatrick v. Pitcairn*, though he may have been served in the wrong capacity or as agent of another. * * * ."

Rick's Inc. claims that the above passage indicates that the added defendant or his agent, although already served albeit in the wrong capacity, must be served with process again in order for section 46(4) to apply. We view the passage rather, as a positive assertion that if service has been made on the agent of the right defendant and if, as in the present case, all of the other terms and conditions set forth in section 46(4) are fulfilled, then it is not necessary to again serve summons on the same agent of the added defendant.

In *Silver v. Lee Shell Equipment Corp.* (1961), 31 Ill. App. 2d 266, 175 N.E.2d 287, plaintiffs had sued a nonexistent corporation assuming that the two individuals who were later sought to be made parties defendants were doing business in corporate form. One of the two individuals had been served as agent for the nonexistent corporation. The statute of limitations expired before the plaintiffs discovered their mistake and sought to rectify it by filing an amended complaint making the individuals additional parties defendants. The trial court held that section 46(4) did not apply and dismissed the suit against the individual defendants. This court reversed the trial court's finding and, in language pertinent to the present case, stated at pages 270-71:

"To us it appears that the legislature sought to provide a remedy

for the inequities growing out of the confusion that may result from the changing entities under which contemporary business and industry is conducted. At the same time the legislature created conditions which would safeguard against the undermining of the statute of limitations. [Citations.] In other words, it took account of the problem that lawyers in our time have of determining the right defendant. That is particularly true in a densely populated city where one may deal for years with a business and not know the character of its organization—whether corporate, partnership, individual or a common law trust.

The primary basis for allowing such an amendment is knowledge of the suit through actual service on the person sought to be added or substituted or his partner or agent within the period of the statute of limitations, albeit he was served in the wrong capacity. [Citations]. * * *

In the instant case, the individual defendants had knowledge of the suit by reason of the service on I.W. Shell. They had in fact investigated it and taken an active part in the defense. It is a most appropriate case for application of section 46(4). This statute so ably formulated by its proponents must not be hamstrung by a narrow construction of its salutary provisions."

Also see *Latshaw v. Humphreys Leather Goods Co.* (1972), 5 Ill. App. 3d 98, 283 N.E.2d 71.

In *Ingram v. MFA Insurance Co.* (1974), 18 Ill. App. 3d 560, 309 N.E.2d 690, plaintiff obtained a default judgment against MFA Insurance Company. Summons had been served on George M. Campbell as MFA's agent. In seeking to vacate the judgment and to quash service of summons, MFA offered the testimony of Campbell and its attorney that MFA was a nonentity and merely a trade name for a group of companies, and that Countryside Casualty Company was the actual corporation. In affirming the judgment for plaintiff, this court held that where summons is served upon a party and the circumstances are such to indicate that he is the person intended to be sued, he is subject to the judgment even though the process and judgment did not refer to him by his correct name. In that case, this court not only upheld the judgment for plaintiff but exercised its authority under Supreme Court Rule 362(f) to amend the name of the party defendant to "Countryside Casualty Company, a Missouri Corporation, d/b/a MFA Insurance Company."

■■■ In the present case, at the time Neil Yaeger was served with summons, he was vice-president, and as such, an authorized agent of Rick's Inc. for service of process on the corporation. (Ill. Rev. Stat. 1973, ch. 110, par. 13.3.) Rick's Inc. was operating Rick's Restaurant & Cocktail Lounge, and Yaeger was also general manager of the business. It is

apparent from the record that Rick's Inc. had notice of the pendency of the litigation from the time of service of process on Yaeger. In that regard, it is significant to note that even in Yaeger's motions for summary judgment, one of the law firms defending Yaeger described him as doing business as Rick's Restaurant & Cocktail Lounge. The agent of the right defendant in fact had been timely served; the right defendant was aware of the litigation from the outset; and the purpose of issuing summons had been accomplished. Here, there is no denial of the agency of the individual in fact served with summons, nor of notice of the suit by the correct defendant. Rick's Inc., the unnamed corporation, was personally served with summons through Neil Yaeger, its authorized officer and agent for service of process. The complaint clearly indicated that the party intended to be sued was doing business as Rick's Restaurant & Cocktail Lounge located at 9560 Grand Avenue in Franklin Park, Illinois. The fact that summons was directed to Neil Yaeger who was alleged to be doing business as Rick's Restaurant & Cocktail Lounge at the specified address amounted only to a misnomer. (*Janove v. Bacon* (1955), 6 Ill. 2d 245, 250, 128 N.E.706.) It is to be noted that section 21(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 21(3)) provides that misnomer of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proofs that the court requires. We believe that under the circumstances of this case, there was no need to have summons issue against Rick's Inc., whether it be considered an added or substituted party defendant. It is presumed that the legislature does not intend inconveniences or injustice. (*Illinois National Bank v. Chegin* (1966), 35 Ill. 2d 375, 220 N.E.2d 226.) We are of the opinion that under the interpretation of section 46(4)(c) urged by defendant requiring re-service of process on Rick's Inc.'s agent, a useless act would be called for.

In *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 176 N.E.2d 659, cited by Rick's Inc. for its proposition that new summons must issue, the court held that section 46(4) was inapplicable for the very reason that the trustee of a land trust was not the agent for the beneficiaries for the purpose of service of process. It is interesting to note that the holding in *Robinson* was changed by legislative amendment to section 46(4)(c) adding specific reference to trustees.

For the reasons stated, the order of the circuit court of Cook County dismissing the cause is reversed, and the cause is remanded for further proceedings consistent with the holding of this opinion.

Reversed and remanded.

MEJDA, J., concurs.

Mr. JUSTICE McGLOON, dissenting:

I respectfully dissent and consider it necessary to highlight certain facts which I deem important. In her complaint, plaintiff complains of Neil Yaeger doing business as Rick's Restaurant & Cocktail Lounge and alleges that Neil Yaeger is the owner of said lounge. Summons was issued directing the sheriff to serve Neil Yaeger c/o Rick's Restaurant & Cocktail Lounge and the return shows that the sheriff personally served Neil Yaeger. Plaintiff, apparently thinking that Rick's Restaurant & Cocktail Lounge was an individual proprietorship and not a corporation, sued the wrong defendant. Discovering her mistake after the appropriate statute of limitations had run, plaintiff moved to amend her complaint by "adding Rick's, Inc. as a party defendant and to change the name of the defendant to Rick's, Inc." On that same date, Neil Yaeger filed a motion for summary judgment on both counts of the complaint. At the hearing on both of the above motions, plaintiff's attorney stated his desire to add Rick's, Inc. as a party defendant and to then dismiss Neil Yaeger as a party defendant. After granting plaintiff's motion to add Rick's, Inc. as a party defendant and Neil Yaeger's motion for summary judgment on Counts I and II, the trial court asked plaintiff's attorney if he wanted summons to issue against the added defendant, Rick's, Inc. Plaintiff's attorney stated that under section 46 of the Civil Practice Act service of process on Rick's, Inc. was not necessary. Plaintiff's attorney further stated that he was then ready to proceed to trial. Noting that Neil Yaeger was served in his capacity as an individual and not as a corporate agent, that Rick's, Inc. had never been served nor filed an appearance, and that plaintiff's attorney had refused the opportunity to serve Rick's, Inc. the trial court dismissed the cause for want of prosecution. It is my opinion that the trial court ruled correctly for the reasons I set forth below.

Under the common law, failure to join the proper party before the running of the statute of limitations was fatal to the plaintiff's claim. (See *Cody v. Ladurini* (1969), 109 Ill. App. 2d 116, 249 N.E.2d 315; *Jackson v. Navik* (1974), 17 Ill. App. 3d 672, 308 N.E.2d 143; Annot., 8 A.L.R.2d 6, 127 § 63 (1949).) However, section 46(4) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 46(4)) provides that if certain conditions and terms are met "[a] cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted * * *." Section 46(4) then goes on to describe the conditions which must be present in order to preclude a defendant's using the statute of limitations as a defense. Section 46(4) concludes stating that "[f]or the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates

back to the date of the filing of the original pleading so amended." Thus, assuming that the conditions set forth in section 46(4) are met in the instant case, the added defendant, Rick's, Inc., could not use the statute of limitations as a defense to plaintiff's claim against it. However, there is no provision in section 46(4) which waives the requirement of valid service of process on the added or substituted defendant in order to acquire in personam jurisdiction over said defendant. As stated in *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 62, 176 N.E.2d 659, 663:

> "Service upon the original defendant as 'agent of another' does not obviate the necessity of acquiring jurisdiction over the subsequently named defendant by another service. Service upon the new defendant cannot be had until he is named."

The well-established general rule is that absent a general appearance, proper service of process is essential in order for the court to acquire in personam jurisdiction over a defendant. As stated in *Stone v. Adler, Inc. v. Cooper* (1974), 20 Ill. App. 3d 576, 577-78, 315 N.E.2d 56, 58:

> "It is axiomatic that one of the essentials of a valid judgment is that the court have jurisdiction to render it, and service of process on a defendant is a necessary and imperative element and prerequisite before the court can have jurisdiction to enter a judgment against him. (*Janove v. Bacon*, 6 Ill. 2d 245, 128 N.E.2d 706.)"

Plaintiff argues that service of process was in fact had upon the added defendant, Rick's, Inc., inasmuch as plaintiff did personally serve Neil Yaeger, the vice-president and manager of Rick's, Inc., albeit in the wrong capacity. However, jurisdiction over a corporation is an entity distinct and apart from its agents, a distinction which would be meaningless if a corporation could properly be served with process by serving its agent as an individual. As stated in *Abdallah v. Weil* (1935), 168 Tenn. 382, 79 S.W.2d 284, 285:

> "While a corporation, when sued, may be brought into court by service upon its * * * [agent] as such, the corporation is a legal entity distinct from that of the individual who happens to be its [agent], and a suit against the one is not a suit against the other."

Process against a corporation must run against it in the corporate name, and not against its officers or agents. (W. Fletcher, Cyclopedia Corporation § 4403, at 283 (perm. ed. 1976). See also *McFadden v. Mid-States Manufacturing Corp.* (1953), 175 Kan. 240, 262 P.2d 838; *Sanders v. Metzger* (E.D. Pa. 1946), 66 F. Supp. 262; *Russell v. Bea Staple Manufacturing Co.* (1966), 266 N.C. 531, 146 S.E.2d 459.) The summons in the instant case, directing the sheriff to serve Neil Yaeger individually and not as agent of Rick's, Inc., is insufficient to give the court jurisdiction over the corporation.

Furthermore, it is a basic law that the court does not obtain in personam jurisdiction by having service made upon a party not named in a suit. (*Lebanon Trust & Savings Bank v. Ray* (1973), 10 Ill. App. 3d 345, 293 N.E.2d 623.) See also *Lewis v. West Side Trust & Savings Bank* (1941), 377 Ill. 384, 36 N.E.2d 573. If a party defendant is added or substituted by order of court in a pending action, absent a general appearance or waiver of service, said party must be served with process in order for the court to acquire jurisdiction over him. (*Grewenig v. American Banking Co.* (1938), 293 Ill. App. 604; *Proctor v. Wells Brothers Co.* (1913), 181 Ill. App. 468; 62 Am. Jur. 2d 819 *Process* § 36 (1972).) At the time Neil Yaeger was served, Rick's, Inc. was not a party to the suit and due to plaintiff's failure to subsequently serve Rick's, Inc., the trial court never acquired jurisdiction over said defendant.

The factual situation presented in the instant case, *i.e.*, where plaintiff complains against and has process served on an individual and later discovers that the proper party defendant is in reality a corporation of which the individual is an officer, is not unique. (See Annot., 121 A.L.R. 1325 (1939).) However, cases have consistently held that such added corporate defendant should be served with process in order for the court to acquire jurisdiction over said defendant. See Annot., 121 A.L.R. 1325, 1341-46 (1939).

I realize that our courts have continually acknowledged that section 46 of the Civil Practice Act is to be liberally construed (*Davis v. Hoeffken Bros.* (1965), 60 Ill. App. 2d 139, 208 N.E.2d 370) to the end that cases be decided on their merits and not by procedural technicalities. (*Birchfield v. Wabash-Monroe Garage & Parking Corp.* (1969), 113 Ill. App. 2d 178, 252 N.E.2d 89.) However, it is my opinion that the drafters of section 46 never intended to lessen the requirements of proper service of process, nor do I view proper service of process as a procedural technicality.

I further believe that the cases principally relied upon by the majority are distinguishable from the instant case. *Silver v. Lee Shell Equipment Corp.* (1961), 31 Ill. App. 2d 266, 175 N.E.2d 287, discussed the issue of whether or not plaintiff had fulfilled the requirements of section 46(4) so as to prevent the added defendant's pleading the statute of limitations as a bar to plaintiff's complaint. Nowhere in *Silver* does the court discuss whether plaintiff has to serve the added defendant. I agree with the language of the court in *Silver* that "section 46(4) must not be hamstrung by a narrow interpretation of its salutory provisions." However, in my opinion the clear intention of the drafters of section 46(4) is to prevent an added defendant, if certain prerequisites are met, from pleading the statute of limitations as a bar to plaintiff's complaint and not to change the well-established rules regarding proper service of process.

The other case relied upon principally by the majority, *Ingram v. MFA*

*Insurance Co.* (1974), 18 Ill. App. 3d 560, 309 N.E.2d 690, is also distinguishable from the instant case. In *Ingram,* George M. Campbell was served as the purported agent of MFA, a nonentity and trade name for a group of companies. In reality, Countryside Casualty Company was the actual corporation. In upholding the judgment for plaintiff, this court stated that defendant was actually served but that the process did not refer to him by his correct name. On appeal, plaintiff in *Ingram* moved to amend the name of defendant and this court granted the motion. Unlike *Ingram,* plaintiff in the instant case served Neil Yaeger in his individual capacity and not as an agent of Rick's, Inc. Plaintiff then moved to add the correct corporate defendant. The trial court never ordered that defendant's name be changed nor does the plaintiff make such a request in this court. In my estimation, the instant plaintiff sued the wrong party, an individual and not a corporation.

I also reject the majority's characterization of service of process of the added corporate defendant as a useless act. Rick's, Inc. was never properly served with process and thus the trial court never acquired jurisdiction over said defendant. Under such circumstances, service of process was not a useless act but rather a prerequisite to the court's rendering a valid judgment against Rick's, Inc.

In the instant case the trial court, after allowing plaintiff's motion to add Rick's, Inc. as a defendant, asked counsel for plaintiff if he wanted summons to issue as to Rick's, Inc. Plaintiff's counsel responded that it was not necessary to serve Rick's, Inc. Due to the fact that Rick's, Inc. was never properly served with process, the trial court never acquired jurisdiction over that corporate defendant. Lacking such jurisdiction over Rick's, Inc. the trial court could not properly proceed to try the case and correctly ordered the cause dismissed on its own motion.